UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>HOLLYWOOD CONTEMPO, an unknown business entity; and DOES 1-10; inclusive<br><br>　　　　　　Defendant. | CASE NO.: 2:16-cv-08740-JAK (JEMx)<br><br>**ORDER RE CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**<br><br>**JS-6** |

　　　　WHEREAS Coach, Inc. and Coach Services, Inc. (collectively, "Plaintiffs") and Hollywood Contempo ("Defendant") have entered into a Settlement Agreement and Mutual Release regarding Defendant's manufacture, distribution, promotion, advertisement, offering for sale, and/or sale of wallets ("Accused Products"), the designs of which Coach has alleged infringe upon its Signature C Mark; and

　　　　WHEREAS the parties have agreed to settle all of the claims in this action with respect to the parties to this Consent Judgment; and

　　　　WHEREAS Defendant has agreed to consent to this judgment, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the parties to this Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $50,000 with respect to Plaintiffs' claims as set forth in the Complaint filed in the present action (Dkt. 1).

3. Defendant shall not, directly or indirectly:

   a. Manufacture, purchase, produce, distribute, circulate, sell, offer for sale, import, export, advertise, promote, display, ship, market or incorporate in advertising or marketing any Accused Products and/or other non-authentic products bearing marks or features confusingly similar or substantially similar to the Coach Trademarks;

   b. Deliver, hold for sale, return, transfer or otherwise move, store or dispose of in any manner any Accused Products;

   c. Commit any other acts calculated to cause purchasers to believe that Defendant's products or a third party's products are genuine Coach merchandise or associated in any way with Plaintiffs, when they are not authentic Coach products;

   d. Engage in any other activity constituting unfair competition with Plaintiffs or that will cause the distinctiveness of the Coach Trademarks to be diluted; or

   e. Assist, aid or attempt to assist or aid any other person or entity in performing any of the prohibited activities referred to above.

4. Plaintiffs and Defendant shall bear their respective costs and attorney's fees incurred in connection with this action.

5. The execution of this Consent Judgment shall serve to bind and obligate the parties to it. However, dismissal with prejudice of this action shall not have preclusive effect on any person not a party to this action or not specifically released in

the parties' written settlement agreement. Plaintiffs expressly reserve all claims against such part(ies).

6. This Court retains jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment and its enforcement, including through a process that could result in the imposition of penalties for its violation.

7. Except as otherwise provided herein, this action is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: September 6, 2017   _____
John A. Kronstadt
United States District Judge